## EDWARD WILDER *vs.* EDMUND FRENCH.

A contract to "do, perform and expend labor in the erection, alteration and repair" of a house, at a certain rate by the day, is too indefinite to support a lien under *St.* 1852, *c.* 307, § 1, for the labor of the contractor and his workmen; and, if thus stated in the petition, cannot be shown to have been more specific.

PETITION under *St.* 1852, *c.* 307, for the enforcement of a mechanic's lien. Trial and verdict for the petitioner in the court of common pleas, before *Sanger*, J., to whose rulings the respondent alleged exceptions.

*P. Simmons*, for the respondent.

*N. C. Berry*, for the petitioner.

MERRICK, J. This is a proceeding under the statutes to secure to mechanics and laborers payment for their labor by a lien on real estate. And it is apparent that the claim is made under the provisions of the *St.* of 1852, *c.* 307, because the charges which constitute the aggregate of the account prefixed to the certificate of the petitioner and sworn to by him, are not made alone for his own personal services, but comprehend also the compensation to be paid to him for the work which was done by others who were in his employment. The *St.* of 1851, *c.* 343, secured a lien only in behalf of the person whose wages were earned by his own actual labor. And it does not appear with any certainty, certainly not with any distinctness upon the record, that any portion of the labor for which charges are made by the petitioner was performed personally by him. In his answer to the petition, the respondent denies that the labor, for which the petitioner is seeking to obtain payment by applying the proceeds of the sale of the land on which it was performed to that purpose, was done in pursuance of any contract sufficient under the provisions of law to entitle him to the lien which he endeavors to establish. To effect this purpose, the petitioner must of course rely upon the contract which he has set forth in his petition. He cannot be allowed to fasten an incumbrance upon the respondent's land by proving upon the trial another and different agreement between the parties.

It is alleged in the petition that the petitioner contracted and agreed with the respondent to " do, perform and expend labor in the erection, alteration and repair of a dwelling-house and out buildings " on certain land belonging to him, and to receive compensation therefor at the rate of one dollar and eighty three cents for each day's work performed ; that this price was in fact charged for all the work which was done from the time the work under the contract was commenced until the first day of January then next afterwards ; after which time the rate of compensation was reduced by the mutual consent of the parties to one dollar and fifty cents for each future day's work. There is no state-

ment of any specific thing which by the terms of the contract was to be done, or of any fixed period of time during which the work to be supplied should continue to be performed. The contract thus set forth is altogether uncertain and indefinite, both as to the period of its duration and the objects and purposes proposed to be accomplished. There is no limitation in it of time within which the labor to be furnished by the petitioner is to be continued, or within which it may be terminated, and nothing precise and certain as to the objects upon which the labor may or shall be expended. It may be applied either to the erection of a new house, or to the repair of an old one which already exists, or to the erection or repair of one or many out buildings on the land. In both of these respects the contract is vague and indeterminate. Such an agreement was a mere stipulation for the employment of the petitioner and of such other workmen as he should have in his service, by the day, for an indefinite period, and until one or the other of the parties should choose to stop the further continuance of any work, and thus bring the contract to a close.

This is not such a contract as will, when labor has not only been actually performed by the contractor, but has also been expended and supplied by him by the services of other persons in his employment and working on his account, create a lien upon real estate for the entire amount of money which may have thus been earned. The statute provides, among other things, that any person to whom money shall be due for labor expended in the erection or repair of a building shall have a lien upon the building and the lot of land on which it stands, for his security, to an amount " not exceeding the amount of the contract." *St.* 1852, *c.* 307, § 1. This plainly shows that the contract under which a lien may arise must be of such character, and upon such terms and stipulations between the parties, that the amount which may be earned under it may in some way be ascertained and determined with precision and certainty. It must be so, because such a conclusion is indispensable to define and fix the rights of the parties. It is thus to be ascertained on the on hand to what amount the contractor for labor may insist upo

establishing an incumbrance upon the land, and on the other within what limits the owner, or any subsequent party in interest, may insist upon its being restrained. The contract then, which will enable the contractor to fix and maintain a lien upon real estate, must be in express terms and for the accomplishment of a definite purpose. It would undoubtedly be sufficient if it provided for any designated object, such, for instance, as the erection of a dwelling-house, the repair of the whole or of any definite part of a building, to be completed within a specified time and at a fixed and stipulated price, or for a sum to be ascertained by computation, allowing for the labor actually expended, at an agreed rate of compensation for each day's labor. But in some way or other it must under this statute be made so definite and certain, that the amount which may be earned and become due upon a performance of its stipulations will not be wholly without limitation both as to that which is to be done and the time during which the labor is to be continued. A contract for mere days' work, such as is set forth in the petition, is not of this character; and therefore it is no sufficient foundation upon which a lien upon real estate can be established.

In recurring to the bill of exceptions, it appears that the petitioner, upon the trial, produced evidence tending to show that there was a contract between the parties more specific and precise than that which is set forth in the petition. But there can be no judgment, except upon the petition and the allegations it contains. If the facts therein stated do not show that a lien upon the land described may or can have been created, no order can be made nor judgment rendered for its sale; and no further effectual proceedings can be had, whatever may have been the disclosures in evidence, unless it may be upon an application for, and an allowance of, an amendment of the petition. Rev. Sts. *c.* 117, § 6. In its present form it cannot be maintained.

*Exceptions sustained.*